IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TRAVIS BALL, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | |
| | : | NO. 5:23-CV-445-MTT-CHW |
| Warden GREGORY SAMPSON, | : | |
| | : | Proceedings Under 28 U.S.C. § 2254 |
| Respondent. | : | <u>Before the U.S. Magistrate Judge</u> |
| _____ | | |

### ORDER

Petitioner Travis Ball, a state prisoner currently confined in Dooly State Prison in Unadilla, Georgia, filed a 28 U.S.C. § 2254 petition for writ of habeas corpus. ECF No. 1. He challenges his September 16, 2014 conviction in the Superior Court of Upson County. *Id*. at 1. He has also moved to proceed *in forma pauperis*. ECF No. 3. As it appears Petitioner has no funds in his inmate account, this motion is **GRANTED**. *Id*.

Petitioner indicates he previously filed three 28 U.S.C. § 2254 petitions challenging the September 16, 2014 Upson County conviction in this Court (ECF No. 1 at 3), but a review of court records on the U.S. District Web PACER Docket Report does not reveal any previously filed habeas petitions. Thus, it does not appear the petition is second or successive.

It is now **ORDERED** that, within thirty (30) days of the date of this Order, Petitioner further amend his petition to include every unalleged possible constitutional error or deprivation entitling him to federal habeas corpus relief, failing which Petitioner

will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his initial habeas petition.  If amended, Petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his initial and amended habeas petitions.

It is further **ORDERED** that Respondent file an answer to the allegations of the petition and any amendments within sixty (60) days after service of this Order and in compliance with Rule 5 of the Rules Governing Section 2254 Cases.  Either with the filing of the answer or within fifteen (15) days after the answer is filed, Respondent shall move for the petition to be dismissed or shall explain in writing why the petition cannot be adjudicated by a motion to dismiss.  Any and all exhibits and portions of the record that Respondent relies upon must be filed contemporaneously with Respondent's answer or dispositive motion.

No discovery shall be commenced by either party without the express permission of the Court.  Unless and until Petitioner demonstrates to this Court that the state habeas Court's fact-finding procedure was not adequate to afford a full and fair evidentiary hearing or that the state habeas court did not afford the opportunity for a full, fair, and adequate hearing, this Court's consideration of this habeas petition will be limited to an examination of the evidence and other matters presented to the state trial, habeas, and appellate courts.

Pursuant to the memorandum of understanding with the Attorney General of the State of Georgia, a copy of the petition and a copy of this Order shall be automatically served on the Attorney General and Respondent electronically through CM/ECF.  A copy of this Order shall be served by the Clerk by U.S. mail upon Petitioner.  Petitioner is

advised that his failure to keep the Clerk of the Court informed as to any change of address may result in the dismissal of this action.

**SO ORDERED**, this 20th day of November, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge
